**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CAROL A. WHITNEY,                                          )
                                                          )
        Plaintiff,                                       )
                                                          )
        v.                                               )
                                                          )
AMERISTAR FINANCIAL COMPANY,                               )
L.L.C.; AMERISTAR FINANCIAL                                )
SERVICING COMPANY, L.L.C.; and                             )
EQUIFAX INFORMATION                                        )
SERVICES LLC, successor to                                 )
EQUIFAX CREDIT INFORMATION                                 )
SERVICES, INC.;                                            )
                                                          )
        Defendants.                                      )

**03C 3992**

JUDGE HOLDERMAN

MAGISTRATE JUDGE KEYS

DOCKETED

JUN 1 3 2003

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Carol A. Whitney brings this action  to secure redress against unlawful credit reporting and debt collection practices engaged in by defendants Ameristar Financial Company, L.L.C. ("Ameristar"),  Ameristar Financial Servicing Company, L.L.C. ("Ameristar Servicing"), and Equifax Information Services LLC, successor to Equifax Credit Information Services, Inc. ("Equifax").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and state law.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §§1692k (FDCPA) and 1681p (FCRA)  Venue in this District is proper because defendants

are headquartered or do business within the District.

## PARTIES

3.    Plaintiff Carol A. Whitney is  an individual who resides in Vero Beach, Florida.

4.    Defendant Ameristar is a limited liability company chartered under Delaware law with its principal  place of business at 1795 N. Butterfield Road, Libertyville, Illinois 60048.

5.    Defendant Ameristar Servicing is a limited liability company chartered under Illinois law with its principal  place of business at 1795 N. Butterfield Road, Libertyville, Illinois 60048.

6.    Defendants Ameristar and Ameristar Servicing are under common ownership and control.  Richard E. Wonderlic and Charles F. Wonderlic are principals of Ameristar Servicing and Charles F. Wonderlic is principal of Ameristar.

7.    Defendant Ameristar Servicing is engaged in the business of buying bad debts allegedly owed by consumers, including large amounts of automobile retail installment contracts, for a  fraction of face value and enforcing the debts against the consumers.  In March 2000, Ameristar Servicing acquired, for $2.2 million, a large number of defaulted automobile retail installment contracts from National Auto Credit, Inc. SEC Form 10-K filed by National Auto Credit, Inc. on May 15, 2002.    Ameristar Servicing is a "debt collector" as defined in the FDCPA.

8.    Defendant Ameristar participated with Ameristar Servicing in collection efforts on the bad debts, and thus is also a debt collector as defined in the FDCPA.

9.    Defendant Equifax is a credit reporting agency (consumer reporting agency) that does business in Illinois.  Its registered agent and office are Illinois Corporation Service

Company, 700 S. 2d St., Springfield, IL 62704.

## FACTS

10.     In the spring of 1997, plaintiff defaulted on a retail installment contract held by NAL Acceptance Corporation, an affiliate of National Auto Credit, Inc.  Attached as Exhibit A is a copy of the contract.   Attached as Exhibit B is the last document plaintiff received from NAL or National concerning the debt.

11.     On information and belief, plaintiff's contract was one of those sold by National Auto Credit, Inc. to Ameristar Servicing in 2000.

12.     NAL Acceptance reported the debt to credit bureaus as having a date of last activity of July 1997.   A copy of NAL Acceptance's report is attached as Exhibit C.

13.     The statute of limitations on a retail installment contract is five years in Florida and four years in most other states.

14.     The statute of limitations on plaintiff's debt therefore ran in 2002.

15.     Ameristar Servicing has been reporting plaintiff's debt to one or more credit bureaus with the "last date of activity" as July 2000.   A copy of Ameristar Servicing's report to Equifax is attached as Exhibit D.

16.     Plaintiff wrote to Equifax by e-mail disputing the Ameristar Servicing item.

17.     In December 2002, plaintiff also wrote to Ameristar disputing the debt.

18.     On information and belief, Equifax contacted Ameristar Servicing in response to plaintiff's complaint.

19.     On information and belief, Equifax contacted Ameristar Servicing by having a low-paid clerk, who is required to process consumer disputes at a rate incompatible with

reasonable care being paid to each dispute, send an electronic message which failed to sufficiently explain the nature of the dispute and failed to include the information supplied by plaintiff.

20.     On information and belief, Ameristar Servicing told Equifax that the date of last activity was being reported correctly.

21.     On January 7, 2003, Equifax wrote to plaintiff stating that it had verified the item with Ameristar Servicing and would not alter or remove it.  A copy of this communication is attached as Exhibit E.

22.     As a result of the false information reported by Ameristar Servicing to Equifax, plaintiff was deprived of credit, in the form of participation in the St. Lucie County, Florida, SHIPP program.  Plaintiff has also suffered mental anguish and stress.

23.     On or about March 24, 2003, Ameristar Servicing and Ameristar sent a collection letter to plaintiff.  A copy of this letter is attached as Exhibit F.  It is on Ameristar Servicing letterhead and is signed by Ameristar.

24.     At least one of the telephone numbers that appears on the bottom of the March 24, 2003 letter is issued to Ameristar rather than Ameristar Servicing.

25.     The March 24, 2003 letter states that "we are taking into consideration legal action."  It continues, "Legal action will increase this amount and entry of a judgment against you will give us other means to collect this debt. [¶] We will approve no action against you in court until seven (7) days from the date of this letter."

26.     No legal action against plaintiff could be successful on the 1997 debt, as it was time-barred.

27.     The March 24, 2003 letter was therefore false and misleading.

-4-

28.     Defendants Ameristar and Ameristar Servicing regularly attempt to collect time-barred debts without reason to believe that the statute of limitations does not apply.

29.     On March 27, 2003, plaintiff wrote to Ameristar disputing the alleged debt and requesting any document signed by plaintiff within the statute of limitations.  A copy of this letter is attached as Exhibit G .

30.     Without providing such a document, Ameristar Servicing and Ameristar sent plaintiff a letter on April 1, 2003, asking for "appropriate settlement arrangements."  A copy of this letter is attached as Exhibit H.  The document enclosed was simply a copy of the original contract, Exhibit A.

31.     Ameristar Servicing regularly reports debts to one or more of the three major credit bureaus, Equifax, Experian and Trans Union, for the purpose of facilitating its collection activities.

32.     On information and belief, Ameristar Servicing reports all of its accounts to the major credit bureaus on a monthly basis.

33.     Often, debtors will pay or settle an account to avoid negative information appearing on their credit reports.  For this reason, credit reporting is a "powerful tool designed, in part, to wrench compliance with payment terms. . . ."  Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993).

34.     Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., a credit bureau (consumer reporting agency) may not report "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years."  15 U.S.C. § 1681c(a)(4).  The 7 year period "shall begin, with respect to any delinquent account that is placed for collection (internally

-5-

or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

35.     On information and belief, Ameristar Servicing reports debts to consumer reporting agencies using a "date of last activity" that is later than that used by the original creditor and does not reflect any payment or promise by the debtor.

36.     The purposes and effects of such improper "re-aging" include the following:

a.     The debt remains on the consumer's credit report longer.

b.     The listing has a greater adverse impact on the consumer's credit standing.  Any credit analysis, whether reduced to a formula or not, gives greater weight to recent unpaid debts than to older unpaid debts.

## COUNT I – FDCPA  – CLASS CLAIM

37.     Plaintiff incorporates ¶¶ 1-36.  This claim is against Ameristar Servicing.

38.     By altering the dates on accounts when reporting them to credit bureaus, Ameristar Servicing violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10).

39.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

(A)      the character, amount, or legal status of any debt; . . .

**(8)      Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) whose debts were "re-aged" by Ameristar Servicing without being brought current, (c) and reported to a credit bureau, (d) which report was made on or after a date one year prior to the filing of this action.

41.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

42.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a.      Whether Ameristar Servicing "re-ages" debts; and

b.      Whether such practice violates the FDCPA.

43.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.  Congress expressly contemplated class actions to enforce the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and in favor of the class and against Ameristar Servicing for:

       a.     Statutory damages;

       b.     Attorney's fees, litigation expenses and costs of suit;

       c.     Such other or further relief as the Court deems proper.

### COUNT II – FDCPA – CLASS CLAIM

46.     Plaintiff incorporates ¶¶ 1-36. This claim is against Ameristar Servicing and Ameristar.

47.     By sending letters referring to legal action and judgments on time-barred debts, Ameristar Servicing and Ameristar violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10).

48.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

-8-

## CLASS ALLEGATIONS

49.　Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) to whom Ameristar or Ameristar Servicing sent a letter referring to legal action or judgments, (c) at a time when the debt was older than the statute of limitations in the state where the contract was entered into, (d) where defendants cannot produce evidence of a promise to pay or payment within the statute, (e) where the letter was sent on or after a date one year prior to the filing of this action.

50.　The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

51.　There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a.　Whether defendants engage in a practice of sending letters referring to legal action or judgments on time-barred debts; and

b.　Whether such practice violates the FDCPA.

52.　Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

53.　Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54.　A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress expressly contemplated class actions to enforce the FDCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and in favor of the class and against defendants for:

        a.      Statutory damages;

        b.      Attorney's fees, litigation expenses and costs of suit;

        c.      Such other or further relief as the Court deems proper.

## COUNT III – FLORIDA CONSUMER COLLECTION PRACTICES ACT – CLASS CLAIM

55.      Plaintiff incorporates ¶¶ 1-36. This claim is against Ameristar Servicing and Ameristar.

56.      By sending letters referring to legal action and judgments on time-barred debts, Ameristar Servicing and Ameristar violated the Florida Consumer Collection Practices Act, Fla.Stats. § 559.72 ("FCCPA").

57.      On information and belief, defendants knew that the debts they were attempting to collect were time-barred.

58.      Section 559.72 makes it unlawful to "(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

## CLASS ALLEGATIONS

59.      Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Florida addresses (b) to whom Ameristar or Ameristar Servicing sent a letter referring to legal action or judgments, (c) at a time when the debt was more than 5 years old, (d) where defendants cannot produce evidence of a promise to pay or payment within the statute, (e) where the

-10-

letter was sent on or after a date 2 years prior to the filing of this action.

60.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

61.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a.     Whether defendants engage in a practice of sending letters referring to legal action or judgments on time-barred debts; and

b.     Whether such practice violates the FCCPA.

62.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

63.     Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

64.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.   The Florida legislature   expressly contemplated class actions to enforce the FCCPA.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and in favor of the class and against defendants for:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Injunctive relief;

d.     Such other or further relief as the Court deems proper.

## COUNT IV – FDCPA – INDIVIDUAL CLAIM

65.   Plaintiff incorporates ¶¶ 1-36. This claim is against Ameristar Servicing.

66.   By providing false information to a credit bureau, Ameristar Servicing violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10).

67.   Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(8)      Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

68.   As a result, plaintiff was deprived of credit.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Ameristar Servicing for:

a.   Actual damages;

b.   Attorney's fees, litigation expenses and costs of suit;

c.   Such other or further relief as the Court deems proper.

## COUNT V – FAIR CREDIT REPORTING ACT AGAINST EQUIFAX

-12-

69.     Plaintiff incorporates ¶¶ 1-36.

70.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681c, Equifax is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

71.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Equifax is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on her credit report.  Section 1681i provides:

**§1681i.  Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general.** If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

**(B)** Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

**(C)** Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

**(2) Prompt notice of dispute to furnisher of information.**

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

72.     Equifax willfully or negligently (a) failed to use reasonable means to insure the accuracy of plaintiff's credit report, (b) failed to investigate plaintiff's dispute and (c) failed to correct plaintiff's credit report.

73.     Equifax violated 15 U.S.C. §1681n and/or §1681o.

74.     Section 1681n provides:

§1681n. Civil liability for willful noncompliance

-14-

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--

    (1)

        (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

    (2) such amount of punitive damages as the court may allow; and

    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

75.    Section 1681o provides:

§1681o.  Civil liability for negligent noncompliance

(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--

    (1) any actual damages sustained by the consumer as a result of the failure;

    (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

76.    Section 1681p provides:

§1681p.  Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under

-15-

this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

77.     Plaintiff was damaged as a result, in that she has (a) suffered great annoyance and inconvenience, (b) been deprived of credit, (c) been compelled to spend time and money removing improper information from her credit history.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against Equifax for:

      a.      Appropriate actual, punitive and statutory damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      Such other or further relief as the Court deems proper.

## COUNT VI – FCRA CLAIM AGAINST AMERISTAR FINANCIAL

78.     Plaintiff incorporates ¶¶1-36. This claim is against Ameristar Financial.

79.     Ameristar Financial violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to Equifax and possibly other credit bureaus when they contacted Ameristar Financial in response to plaintiff's complaints. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

    **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

        **(A) conduct an investigation with respect to the disputed information;**

        **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

80.     Ameristar Financial committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

81.     Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

82.     Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

-17-

(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

> (1) any actual damages sustained by the consumer as a result of the failure;

> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

83.    Section 1681p provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

84.    Plaintiff was damaged as a result of defendant's violations, in that plaintiff has (a) suffered great annoyance and inconvenience, (b) been deprived of credit, (c) been compelled to spend time and money removing improper information from plaintiff's credit history.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against Ameristar Financial for:

> (1)    Appropriate actual, punitive and statutory damages;

> (2)    Attorney's fees, litigation expenses and costs of suit;

> (3)    Such other or further relief as the Court deems proper.

## COUNT VII – DEFAMATION CLAIM AGAINST AMERISTAR FINANCIAL

-18-

85.     Plaintiff incorporates ¶¶1-36.

86.     Ameristar Financial intentionally and maliciously published false information concerning plaintiff to credit bureaus.  On information and belief, the publications occurred on a monthly basis, by electronic transmission.

87.     Plaintiff was damaged as a result of defendant's defamation.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against Ameristar Financial for:

      (1)     Appropriate actual and  punitive damages;

      (2)     Costs of suit;

      (3)     Such other or further relief as the Court deems proper.

## COUNT VIII – ILLINOIS CONSUMER FRAUD ACT
## CLAIM AGAINST AMERISTAR FINANCIAL

88.     Plaintiff incorporates ¶¶ 1-36.

89.     Ameristar Financial engaged in unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by knowingly reporting false credit information to credit bureaus.

90.     Defendant engaged in the conduct complained of in the course of trade and commerce.

91.     Defendant engaged in the conduct complained of for the purpose of injuring plaintiff.

92.     Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor

and against Ameristar Financial for:

a.  Appropriate actual and punitive damages;

b.  Attorney's fees, litigation expenses, and costs of suit;

c.  Injunctive relief;

d.  Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

I:\case\ameri9 852\pleading\cmplt.wpd

-20-

**EXHIBIT A**

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Buyer CAROL WHITNEY | Seller VERO BEACH CHRYSLER INC. |
|---|---|---|
| No. | Address 5975 62ND LANE | Address 955 SOUTH U.S. 1 |
| Date 02/20/97 | VERO BEACH FL 32960 | VERO BEACH FL 32962 |
| Buyer's Month of Birth | | |

SALE: You agree to purchase the property described below according to the following terms, including those on the reverse side.
You agree to pay us the principal sum of ELEVEN THOUSAND ONE HUNDRED AND THIRTY FOUR AND 56/100 Dollars
($ 11134.56 ) plus interest from 02/20/97

Charge rate: [FIXED RATE] at the rate of 25.22 % per year paid in full

LN34612

YOU MAY PREPAY THIS CONTRACT IN FULL OR IN PART AT ANY TIME.

SECURITY: You give us a purchase money security interest in the property described below.

| MAKE | YEAR | MODEL | BODY TYPE | LICENSE NO/YEAR | SERIAL NO. |
|---|---|---|---|---|---|
| CHRYSLER | 94 | LEBARON | CV | LEASE | 1C3EU4530R9222024 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| 25.22 % | $ 6681.60 | $ 11134.56 | $ 17816.16 | $ 18916.16 |

Your Payment Schedule will be: 48 payments of $ 371.17 MONTHLY BEGINNING: 03/22/97

ITEMIZATION OF AMOUNT FINANCED
1. Cash Price (including Sales Tax) $ 10855.00
(d) Cash Down Payment $ 1100.00
(e) Total Down Payment $ 1100.00
Unpaid Balance of Cash Price $ 9756.00
(a) To Insurance Companies $ 600.00
ST OF FL / SALES TAX $ 737.36

SECURITY: ... WARRANTY INFORMATION IS SUPPLIED TO YOU SEPARATELY.

| MAKE | YEAR | MODEL | BODY TYPE | LICENSE | SERIAL NO. |
|---|---|---|---|---|---|
| CHRYSLER | 95 | LE BARON | CV | LEASE | 1C3EU4536PH222027 |

Other [ ] New/Used:

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 1100.00 |
| 23.22 % | $ 6681.60 | $ 11134.56 | $ 17816.16 | $ 18916.16 |

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| Your Payment Schedule will be: | 48 | $ 371.17 | MONTHLY BEGINNING: 03/22/97 |
| | | $ N/A | |
| | | $ N/A | |

[ ] Variable Rate: The annual percentage rate may increase during the term of this transaction _____

Any increase will take the form of _____

If the rate increases by _____ % in one _____ the _____

will increase to _____

The rate may not increase more often than _____ and may not increase more than _____ % each _____

The rate will not go above _____ %

Security: You are giving a security interest in the goods or property being purchased.

[X] Late Charge: You will be charged 5% of the amount of a payment that is late by more than _____ 10 _____ days after it is due, up to $ _____ N/A

Prepayment: If you pay off this contract early, you [ ] may [X] will not have to pay a penalty.

You can see your contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

Filing fees $ _____ N/A

'e' means an estimate.

CREDIT INSURANCE: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional costs. You may obtain any other kinds of policies you own or may procure for the purpose of covering this loan.

| Type | Premium | Term |
|---|---|---|
| Credit Life | N/A | |
| Credit Disability | N/A | |
| Joint Credit Life | N/A | |

You [signature] _____
X
You [ ] do [ ] do not want credit disability insurance.
X
You [ ] do [ ] do not want credit life insurance.
X
XX

PROPERTY INSURANCE
You may obtain property insurance from anyone you want that is acceptable to us. If you get the insurance from or through us you will pay $ _____ N/A _____ for _____ of coverage.

The property insurance premium is calculated as follows:
[ ] Fire-Theft and Combined Add'l Coverage $ _____ N/A
[ ] _____ N/A _____ Deductible Comprehensive Cov. $ _____ N/A
[X] _____ N/A _____ Deductible Collision Coverage $ _____ N/A
$ _____ N/A _____ for _____ $ _____ N/A

THE ABOVE INSURANCE DOES NOT INCLUDE LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE UNLESS SUCH INSURANCE IS SPECIFICALLY DESCRIBED ABOVE.

ASSIGNMENT
Seller assigns this contract on _____ FEB 20 _____ 19 97
to _____ AAA ACCEPTANCE CORP _____
_____ FT LAUDERDALE FL 33309 _____ in accordance with the

Seller's Assignment appearing on the reverse side. The assignment is:
[ ] Without Recourse ? [ ] With Recourse ? [ ] Subject to a Security Agreement.

VERO BEACH CHRYPLY INC. _____
By _____ [signature] _____ Title _____

(ITEMIZATION OF AMOUNT FINANCED)

| | | |
|---|---|---|
| 1. Cash Price (including Sales Tax) | | $ 10856.00 |
| 2. Down Payment Composition: | | |
| Description of trade-in: | | |
| (a) Gross Trade-in Allowance | $ | N/A |
| (b) Pay-Off (if any) | $ | N/A |
| (c) Net Trade-in (a minus b) | $ | N/A |
| (d) Cash Down Payment | $ | 1100.00 |
| (e) Total Down Payment (c plus d) | $ | 1100.00 |
| 3. Unpaid Balance of Cash Price (1 minus 2(e)) | $ | 9756.00 |
| 3. Other Charges: HVRTF | $ | 8.00 |
| (a) To Insurance Companies | $ | 600.00 |
| (b) To Public Officials | $ | N/A |
| (c) ST OF FL/ SALES TAX | $ | 737.36 |
| (d) ST OF FL/ DOC STAMPS | $ | 33.20 |
| 5. Subtotal (3 plus 4(a) through 4(d)) | $ | 11134.56 |
| 6. Prepaid Finance Charges | $ | N/A |
| 7. Amount Financed (5 minus 6) | $ | 11134.56 |

NOTICE TO THE BUYER
a. Do not sign this contract before you read it or if it contains any blank spaces. b. You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

BUYER ACKNOWLEDGES RECEIPT OF A COPY OF THIS RETAIL INSTALLMENT CONTRACT

1. Signed [signature] _____ Buyer
2. Signed _____ Buyer
3. Signed _____ Buyer

YOU ALSO AGREE TO THE TERMS ON THE REVERSE SIDE OF THIS CONTRACT.

Signed [signature] _____ For Seller
Title _____

White First Copy - Original    Canary Second Copy - Seller / Assignee Copy    Pink Third Copy - Buyer's Copy    Goldenrod Fourth Copy - Seller's Copy

**EXHIBIT B**

# NAL ACCEPTANCE CORPORATION

500 CYPRESS CREEK ROAD WEST SUITE 590
FORT LAUDERDALE, FLORIDA 33309
TELEPHONE (954) 938-8200                FAX (954) 489-5790

CAROL WHITNEY                                            APRIL 27, 1998
7403 PACIFIC AVE
FORT PIERCE, FL 34981

Account # █████████                        CERTIFIED MAIL
Collateral : 94 CHRYSLER
Serial # :  1C3EU4530RF222024                RETURN RECEIPT REQUESTED

Dear Customer:

Per the terms of your Loan Agreement, the collateral has been sold and your obligation is as follows:

| | | |
|---|---|---:|
| Payoff Due as of Date of Repossession (includes all late charges and fees due) | | 11,992.85 |
| Plus Repossession Costs | $ | 360.00 |
| Plus Repossession Title Costs | $ | 41.00 |
| Plus Repairs | $ | 0.00 |
| Plus Auction Fees and Charges | $ | 210.50 |
| Plus Other Fees & Charges Associated With the Sale of Collateral | $ | 0.00 |
| Minus Warranty and/or Credit Life and/or Disability Insurance Received | $ | 0.00 |
| Payoff Due as of Date of Sale | $ | 12,604.35 |
| Minus Sale of Collateral | $ | 5,300.00 |
| **Balance Due NAL** | $ | **7,304.35** |

It is imperative that you send the above, Balance Due NAL, to us within ten (10) days of the date of this letter or your account may be turned over to our attorney. If you have any questions, please contact me immediately. Our toll-free number is 1-800-621-8220 extension #3720.

Yours truly,
NAL ACCEPTANCE CORPORATION


Mrs. D. Rice
Account Representative

# EXHIBIT C

| Nal Acceptance Corporation | INDIVIDUAL ACCOUNT | 02/1997 | 07/1997 | Installment CHARGE- OFF | $17816 | 48M | $0 | 08/200 |

**Prior Paying History**

30 days past due 02 times; 60 days past due 00 times; 90 + days past due 01 times;

ACCOUNT TRANSFERRED OR SOLD

CHARGED OFF ACCOUNT

<u>**EXHIBIT D**</u>

No Public Record Information on file.

No bankruptcies on file

No liens on file

No judgements on file

No garnishments on file

No secured loans on file

No marital statuses on file

No financial counseling on file

No foreclosures on file

No non-responsibility entries on file

## Collection Accounts

Client: Medical Center Account Number: ▉▉▉▉▉ Date Reported: 12/2002 Amount: 50 Balance: 50
Balance Date: 12/2002 Last Activity:10/2001 Date Assigned: 05/2002 Collection Status: UNPAID
Whose Account: INDIVIDUAL ACCOUNT Collection Agency Information: Attention LLC
2250 SATELLITE Blvd Ste 235
Duluth,GA 30097-4917
Status Date: 12/2002 Note:

Client: Sprint PCS Account Number: ▉▉▉▉▉▉▉ Date Reported: 12/2002 Amount: 343 Balance
343 Balance Date: 12/2002 Last Activity:04/2002 Date Assigned: 09/2002 Collection Status: UNPAID
Whose Account: INDIVIDUAL ACCOUNT Collection Agency Information: Professional Credit
Services,
500 Bi County Blvd
Inc
Farmingdale,NY 11735-3988
Status Date: 12/2002 Note:

## Credit Information

| Company Name | Account Number and Whose Account | Date Opened | Last Activity | Type of Account and Status | High Credit | Terms | Items as of Date Reported | | Past Due | Date Reporte |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Balance | | | |
| Ameristar Financial Services | ▉▉▉▉ INDIVIDUAL ACCOUNT | 02/1997 | 07/2000 | Installment CHARGE-OFF | $17816 | 371 | $6941 | | $6941 | 03/200 |

**Prior Paying History**

CONSUMER DISPUTES-REINVESTIGATION IN PROCESS

**EXHIBIT E**

January 7, 2003

P. O. Box 105518
Atlanta GA 30348



ldlmllllllltolllmdlmllldllmdlblmllbbllbllllml
000365853-12223
Carol Whitney
722 24th Sq
Vero Beach FL 32962-1328

Dear Carol Whitney:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. Enclosed is an updated copy of your credit file.

**Results of Your Investigation** (For your security, the last 4 digits of your credit account number(s) have been replaced by *)

**We have researched the credit account. The results are:**

Ameristar Financial          Account Number: 
1425 TRI State Pkwy Ste 18
Gurnee, IL 60031-9120

THIS CREDITOR/AGENCY HAS VERIFIED TO EQUIFAX THAT THE DATE OF LAST ACTIVITY IS BEING REPORTED CORRECTLY. ADDITIONAL INFORMATION HAS BEEN PROVIDED FROM THE ORIGINAL SOURCE REGARDING THIS ITEM. SEE ENCLOSED CREDIT FILE.

Thank you for giving Equifax Information Services the opportunity to serve you.

Glenn King
P.O. Box 740256
Atlanta, GA 30374-0256

## Notice to Consumers

Upon receipt of your dispute, we first review and consider the relevant information you have submitted regarding the nature of your dispute. If the review does not resolve your dispute and further investigation is required, notification of your dispute, including the relevant information you submitted, is provided to the source that furnished the disputed information. The source reviews the information provided, conducts an investigation with respect to the disputed information and reports the results back to us. The credit reporting agency then makes deletions or changes to your credit file as appropriate based on the results of the reinvestigation. The name, address and, if reasonably available, the telephone number of the furnisher(s) of the information contacted while processing your dispute(s) is shown under the "Results of Your Investigation" section on the cover letter that accompanies the copy of your revised credit file.

If you still disagree with an item after it has been verified, you may send to us a brief statement, not to exceed one hundred words (two hundred words for Maine residents), explaining the nature of your dispute. Your statement will become part of your credit file and will be disclosed each time that your credit file is accessed.

If the reinvestigation results in a change to or deletion of the information you are concerned about, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company that received your credit file in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

**EXHIBIT F**



FINANCIAL SERVICING COMPANY, LLC

March 24, 2003

Carol Whitney
722 24th SQ
Vero Beach, FL  32962

Five days ago we sent you a letter offering you the opportunity
to pay off the balance owing on your account.

Your account ▮▮▮▮▮▮ has been seriously delinquent for some time
now and we are taking into consideration legal action.  However,
before proceeding, we are making this one last attempt to arrange
for payment of this debt.

Your loan balance is $  6,941.29, with $  6,941.29 being in arrears.
Legal action will increase this amount and entry of a judgment against
you will give us other means to collect this debt.

We will approve no action against you in court until seven (7) days
from the date of this letter.

We hope you will respond to this final appeal and settle this
obligation.  The reason any further action on our behalf would be
necessary is your own indifference - not because my company did not
give you ample time.

Sincerely,

Ameristar Financial Company

Derek Booker

1795 N. Butterfield Rd. • Libertyville, IL 60048
Toll Free 800.784.1535 • 847.855.2000 • Fax 847.855.2022

1795 N. Butterfield Rd.
Libertyville, IL 60048

Return Service Requested

32962+1328  33

Tax season is upon us, so why not make 2003 the year to
be debt free by using your return to settle this debt?
We would like to hear any cash offer you can make.

Please contact us at once for more information on how

**EXHIBIT G**

Carol Whitney                                          March 27, 2003
722 24th Square
Vero Beach, FL 32962

Derek Booker
Ameristar Financial Company
1795 N. Butterfield Rd.
Libertyville, IL 60048

Re: Attempted collection of disputed debt ▮▮▮▮▮

Dear Mr. Booker,

I am writing in response to a letter I received from you dated March 24th, 2003 (copy
enclosed) about a certain debt that you are trying to collect, however I have not received
the other letter you stated you mailed to me five days prior, nor for that matter am I in
receipt of any other communication from you or your company, Ameristar Financial
Company.

You state in this one letter that I have an account with you ▮▮▮▮▮ and that I owe
you money. I am disputing this claim. I do not now have, nor have I ever had an account
with your company. It appears that you are trying to collect money I do not owe to your
company. You have provided no proof that I owe you anything. Any debt that may have
been owed by me to another company has passed the Statute of Limitations for Collection
in the State of Florida. I have checked with my State Attorney General and verified that
fact. Also any legal action you may choose to initiate must be here in the State of Florida.
If you intend to pursue collection of a debt that I may have owed another company over 6
years ago then please be advised that I am aware of my rights and if you or the original
creditor do choose to pursue this matter in court I will invoke my rights and use the
"expired status of limitations" as my defense.

Unless you can produce written evidence of a contract signed by me and dated showing
that I entered into an agreement to pay you or your company, Ameristar Financial
Company any money any time in the last 6 years I will consider this matter closed and
expect to receive verification that you or your company have amended the information
you are reporting on my credit file. This letter serves as a formal request for validation of
this debt pursuant to FDCPA section 809.

Sincerely,

*Carol A. Whitney    march 27, 2003*

Carol A Whitney

Date

3 · 28 · 2003

To:
Derek Booker
Ameristar Financial Company
1795 N. Butterfield Rd.
Libertyville, IL 60048

Pages 3 including this cover

From:
Carol Whitney
722 24th Square
Vero Beach, FL 32962

RE: Attempt to collect disputed debt

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 03/28/2003 14:20
                                    NAME   : IDC REALTY SERVICES
                                    FAX    : 5613371294
                                    TEL    : 18003311536
                                    SER.#  : BROK1J670342
```

```
DATE,TIME              03/28  14:18
FAX NO./NAME           18478562022
DURATION               00:01:07
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

LIBERTYVILLE IL 60048

| | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.42 |

0610
03   Postmark
Here

03/28/2003

7002 3150 0002 2881 7970

Sent To: Derek Booker Ameristar Financial Co.
Street, Apt. No.; or PO Box No. 1795 N. Butterfield RD
City, State, ZIP+4 Liberyville Il 60048

PS Form 3800, June 2002      See Reverse for Instructions

---

**U.S POSTAL SERVICE       CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT PROVIDE FOR INSURANCE. POSTMASTER.

Received From:
Carol Whitney
720 240 Square
Vero Beach, FL 32942

One piece of ordinary mail addressed to:
Derek Booker Ameristar
Financial Co.
1795 N. Butterfield Rd
Liberturville, IL 60048

PS Form 3817, January 2001

MAR 28 2003

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Derek Booker
Ameristar Financial Co
1795 N. Butterfield RD
Liberyville Il 60048

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Michelle Saako      ☐ Agent   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Michelle Saako      3/31/03

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)      7002 3150 0002 2881 7970

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

EXHIBIT H



April 1, 2003

Carol Whitney
722 24th SQ
Vero Beach, FL  32962

Re:  Account Number 

Thank you for contacting us.  Per your request, we have enclosed with this letter proof of the above referenced debt.

We look forward to working with you to resolve this issue.  Please contact me by April 11, 2003 to set up appropriate settlement arrangements.  I can be reached directly at (800)213-6852.


Sincerely,

Ameristar Financial Company

Derek Booker

PROFDEBT (5/01)

1795 N. Butterfield Rd. • Libertyville, IL 60048
Toll Free 800.784.1535 • 847.855.2000 • Fax 847.855.2022

**DOCKETED**

**JUN 1 3 2003**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# <u>Civil Cover Sheet</u>

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): CAROL A. WHITNEY**

County of Residence:

Plaintiff's Atty:  Edelman, Combs & Latturner, LLc
120 S. LaSalle 18th Floor
Chicago, IL 60603
312-739-4200

**Defendant(s):AMERISTAR FINANCIAL COMPANY LLC, ET AL**

County of Residence: Lake

Defendant's Atty:

# 03C 3992

II. Basis of Jurisdiction:      **3. Federal Question (U.S. not a party)**      JUDGE HOLDERMAN

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
            Plaintiff:- **N/A**
            Defendant:- **N/A**

MAGISTRATE JUDGE KEYS

IV. Origin :              **1. Original Proceeding**

V. Nature of Suit:         **890 Other Statutory Actions**

VI.Cause of Action:       **Violation of the Fair Debt Collection Practices Act, 15 U.S.C Section 1692 et seq. ("FDCPA")**

VII. Requested in Complaint
            Class Action: **Yes**
            Dollar Demand:
            Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

FILED-EOS   03 JUN 11 PH 4: 10   CLERK U.S. DISTRICT COURT

Signature: _____

Date: _June 11, 2003_____

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.
Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

In the Matter of:
CAROL A. WHITNEY V. AMERISTAR FINANCIAL COMPANY LLC, ET AL

JUN 1 3 2003

Case Number: 03C 3992

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: **PLAINTIFF**



JUDGE HOLDERMAN

MAGISTRATE JUDGE KEYS

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  Daniel A. Edelman | NAME  Cathleen M. Combs |
| FIRM  Edelman, Combs & Latturner, LLC | FIRM  Edelman, Combs & Latturner LLC |
| STREET ADDRESS  120 S. LaSalle Street, 18th | STREET ADDRESS  120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP  Chicago, Illinois 60603 | CITY/STATE/ZIP  Chicago, Illinois 60603 |
| TELEPHONE NUMBER  (312) 739-4200 | TELEPHONE NUMBER  (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00712094 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00472840 |
| MEMBER OF TRIAL BAR?  YES X  NO ☐ | MEMBER OF TRIAL BAR?  YES X  NO ☐ |
| TRIAL ATTORNEY?  YES X  NO ☐ | TRIAL ATTORNEY?  YES X  NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO X |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME  James O. Latturner | NAME  Tara L. Goodwin |
| FIRM  Edelman, Combs & Latturner, LLC | FIRM  Edelman, Combs & Latturner, LLC |
| STREET ADDRESS  120 S. LaSalle Street, 18th | STREET ADDRESS  120 S. LaSalle Street, 18th floor |
| CITY/STATE/ZIP  Chicago, Illinois 60603 | CITY/STATE/ZIP  Chicago, IL 60603 |
| TELEPHONE NUMBER  (312) 739-4200 | TELEPHONE NUMBER  (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 01588095 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06297473 |
| MEMBER OF TRIAL BAR?  YES X  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO X |
| TRIAL ATTORNEY?  YES X  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO X |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO X | DESIGNATED AS LOCAL  YES ☐  NO X |

1-3