IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 0 9 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CAROL A. WHITNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| AMERISTAR FINANCIAL COMPANY, | ) | Case No.: 03 C 3992 |
| L.L.C.; AMERISTAR FINANCIAL | ) | |
| SERVICING COMPANY, L.L.C.; and | ) | Judge Holderman |
| EQUIFAX INFORMATION | ) | |
| SERVICES L.L.C., successor to | ) | |
| EQUIFAX CREDIT INFORMATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
JUL 1 0 2003

## ANSWER AND AFFIRMATIVE DEFENSES OF AMERISTAR FINANCIAL SERVICING COMPANY, LLC

Defendant Ameristar Financial Servicing Company, LLC ("Ameristar Servicing"), by

and through its attorneys, answers the Complaint as follows:

### INTRODUCTION

1.     Plaintiff Carol A. Whitney brings this action to secure redress against unlawful
credit reporting and debt collection practices engaged in by defendants Ameristar Financial
Company, L.L.C. ("Ameristar"), Ameristar Financial Servicing Company, L.L.C. ("Ameristar
Servicing"), and Equifax Information Services LLC, successor to Equifax Credit Information
Services, Inc. ("Equifax"). Plaintiff alleges violation of the Fair Debt Collection Practices Act,
15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.
("FCRA"), and state law.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 1,

except that Ameristar Servicing admits that Plaintiff purports to allege violations of the Fair Debt

Collection Practices Act, the Fair Credit Reporting Act and state law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §§ 1692k (FDCPA) and 1681 p (FCRA). Venue in this District is proper because defendants are headquartered or do business within the District.

*Answer:*      Ameristar Servicing admits the allegations in paragraph 2.

## PARTIES

3.      Plaintiff Carol A. Whitney is an individual who resides in Vero Beach, Florida.

*Answer:*      Ameristar Servicing is without sufficient information to either admit or deny the allegations in paragraph 3, and, therefore, denies the same.

4.      Defendant Ameristar is a limited liability company chartered under Delaware law with its principal place of business at 1795 N. Butterfield Road, Libertyville, Illinois 60048.

*Answer:*      Ameristar Servicing admits the allegations in paragraph 4.

5.      Defendant Ameristar Servicing is a limited liability company chartered under Illinois law with its principal place of business at 1795 N. Butterfield Road, Libertyville, Illinois 60048.

*Answer:*      Ameristar Servicing admits the allegations in paragraph 5.

6.      Defendants Ameristar and Ameristar Servicing are under common ownership and control. Richard E. Wonderlic and Charles F. Wonderlic are principals of Ameristar Servicing and Charles F. Wonderlic is principal of Ameristar.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 6, except that Ameristar Servicing admits that Richard E. Wonderlic and Charles F. Wonderlic are members of Ameristar Servicing and Charles F. Wonderlic is a member of Ameristar.

7.      Defendant Ameristar Servicing is engaged in the business of buying bad debts allegedly owed by consumers, including large amounts of automobile retail installment contracts, for a fraction of face value and enforcing the debts against the consumers. In March 2000, Ameristar Servicing acquired, for $2.2 million, a large number of defaulted automobile retail

installment contracts from National Auto Credit, Inc. SEC Form 10-K filed by National Auto Credit, Inc. on May 15, 2002. Amerstar Servicing is a "debt collector" as defined in the FDCPA.

*Answer:*      Ameristar Servicing denies all of the allegations in paragraph 7, except

that Ameristar Servicing admits that Ameristar Servicing has purchased defaulted consumer loan

contracts.  Answering further, the last sentence of paragraph 7 alleges a legal conclusion to

which no answer is required, and Ameristar Servicing, therefore, denies the same.

8.      Defendant Ameristar participated with Ameristar Servicing in collection efforts on the bad debts, and thus is also a debt collector as defined in the FDCPA.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 8.

9.      Defendant Equifax is a credit reporting agency (consumer reporting agency) that does business in Illinois. Its registered agent and office are Illinois Corporation Service Company, 700 S. 2d St., Springfield, IL 62704.

*Answer:*      Ameristar Servicing is without sufficient information to either admit or

deny the allegations in paragraph 9, and, therefore, denies the same.

## FACTS

10.      In the spring of 1997, plaintiff defaulted on a retail installment contract held by NAL Acceptance Corporation, an affiliate of National Auto Credit, Inc. Attached as Exhibit A is a copy of the contract. Attached as Exhibit B is the last document plaintiff received from NAL or National concerning the debt.

*Answer:*      Ameristar Servicing is without sufficient information to either admit or

deny the allegations in paragraph 10, and, therefore, denies the same, except that Ameristar

Servicing admits that plaintiff's contract is attached to the Complaint as Exhibit A.

11.      On information and belief, plaintiff's contract was one of those sold by National Auto Credit, Inc. to Ameristar Servicing in 2000.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 11.

12.     NAL Acceptance reported the debt to credit bureaus as having a date of last activity of July 1997. A copy of NAL Acceptance's report is attached as Exhibit C.

**Answer:**     Ameristar Servicing is without sufficient information to either admit or deny the allegations in paragraph 12, and, therefore, denies the same.

13.     The statute of limitations on a retail installment contract is five years in Florida and four years in most other states.

**Answer:**     Paragraph 13 alleges legal conclusions to which no answer is required, and Ameristar Servicing, therefore, denies the same.

14.     The statute of limitations on plaintiff's debt therefore ran in 2002.

**Answer:**     Ameristar Servicing denies all of the allegations made in paragraph 14.

15.     Ameristar Servicing has been reporting plaintiff's debt to one or more credit bureaus with the "last date of activity" as July 2000. A copy of Ameristar Servicing's report to Equifax is attached as Exhibit D.

**Answer:**     Ameristar Servicing admits the allegations made in paragraph 15.

16.     Plaintiff wrote to Equifax by e-mail disputing the Ameristar Servicing item.

**Answer:**     Ameristar Servicing is without sufficient information to either admit or deny the allegations in paragraph 16, and, therefore, denies the same.

17.     In December 2002, plaintiff also wrote to Ameristar disputing the debt.

**Answer:**     Ameristar Servicing admits the allegations made in paragraph 17.

18.     On information and belief, Equifax contacted Ameristar Servicing in response to plaintiff's complaint.

**Answer:**     Ameristar Servicing admits the allegations made in paragraph 18.

19.     On information and belief, Equifax contacted Ameristar Servicing by having a low-paid clerk, who is required to process consumer disputes at a rate incompatible with

reasonable care being paid to each dispute, send an electronic message which failed to sufficiently explain the nature of the dispute and failed to include the information supplied by plaintiff.

*Answer:*      Ameristar Servicing is without sufficient information to either admit or

deny the allegations in paragraph 19, and therefore, denies the same.


20.      On information and belief, Ameristar Servicing told Equifax that the date of last activity was being reported correctly.

*Answer:*      Ameristar Servicing admits the allegations made in paragraph 20.


21.      On January 7, 2003, Equifax wrote to plaintiff stating that it had verified the item with Ameristar Servicing and would not alter or remove it. A copy of this communication is attached as Exhibit E.

*Answer:*      Ameristar Servicing is without sufficient information to either admit or

deny the allegations in paragraph 21, and, therefore, denies the same.


22.      As a result of the false information reported by Ameristar Servicing to Equifax, plaintiff was deprived of credit, in the form of participation in the St. Lucie County, Florida, SHIPP program. Plaintiff has also suffered mental anguish and stress.

*Answer:*      Ameristar Servicing is without sufficient information to either admit or

deny the allegations in paragraph 22, and, therefore, denies the same.


23.      On or about March 24, 2003, Ameristar Servicing and Ameristar sent a collection letter to plaintiff. A copy of this letter is attached as Exhibit F. It is on Ameristar Servicing letterhead and is signed by Ameristar.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 23,

except that Ameristar Servicing admits that Ameristar Servicing sent the letter attached to the

Complaint as Exhibit F.


24.      At least one of the telephone numbers that appears on the bottom of the March 24, 2003 letter is issued to Ameristar rather than Ameristar Servicing.

*Answer:*      Ameristar Servicing admits the allegations made in paragraph 24.

25.     The March 24, 2003 letter states that "we are taking into consideration legal action." It continues, "Legal action will increase this amount and entry of a judgment against you will give us other means to collect this debt. [¶] We will approve no action against you in court until seven (7) days from the date of this letter."

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 25 because the language quoted is incomplete, out of context and therefore misleadingly incomplete, except that Ameristar Servicing admits that the quoted language appears in the letter.

26.     No legal action against plaintiff could be successful on the 1997 debt, as it was time-barred.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 26.

27.     The March 24, 2003 letter was therefore false and misleading.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 27.

28.     Defendants Ameristar and Ameristar Servicing regularly attempt to collect time-barred debts without reason to believe that the statute of limitations does not apply.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 28.

29.     On March 27, 2003, plaintiff wrote to Ameristar disputing the alleged debt and requesting any document signed by plaintiff within the statute of limitations. A copy of this letter is attached as Exhibit G .

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 29, except that Ameristar Servicing admits that Exhibit G purports to be a letter from Plaintiff to Ameristar.  Answering further, that letter speaks for itself.

30.     Without providing such a document, Ameristar Servicing and Ameristar sent plaintiff a letter on April 1, 2003, asking for "appropriate settlement arrangements." A copy of this letter is attached as Exhibit H. The document enclosed was simply a copy of the original contract, Exhibit A.

*Answer:*       Ameristar Servicing denies all of the allegations made in paragraph 30, except that Ameristar Servicing admits that Ameristar Servicing sent the letter attached to the Complaint as Exhibit H.

31.     Ameristar Servicing regularly reports debts to one or more of the three major credit bureaus, Equifax, Experian and Trans Union, for the purpose of facilitating its collection activities.

*Answer:*       Ameristar Servicing denies all of the allegations in paragraph 31, except that Ameristar Servicing admits that Ameristar Servicing regularly reports debts to credit bureaus.

32.     On information and belief, Ameristar Servicing reports all of its accounts to the major credit bureaus on a monthly basis.

*Answer:*       Ameristar Servicing admits the allegations made in paragraph 32.

33.     Often, debtors will pay or settle an account to avoid negative information appearing on their credit reports. For this reason, credit reporting is a "powerful tool designed, in part, to wrench compliance with payment terms...." Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993).

*Answer:*       Ameristar Servicing is without sufficient information to either admit or deny the allegations in paragraph 33, and, therefore, denies the same.

34.     Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., a credit bureau (consumer reporting agency) may not report "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The 7 year period "shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

*Answer:*       Paragraph 34 alleges legal conclusions to which no answer is required, and Ameristar Servicing, therefore, denies the same.

7

35.     On information and belief, Ameristar Servicing reports debts to consumer reporting agencies using a "date of last activity" that is later than that used by the original creditor and does not reflect any payment or promise by the debtor.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 35.


36.     The purposes and effects of such improper "re-aging" include the following:


a.     The debt remains on the consumer's credit report longer.

b.     The listing has a greater adverse impact on the consumer's credit standing. Any credit analysis, whether reduced to a formula or not, gives greater weight to recent unpaid debts than to older unpaid debts.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 36.

### COUNT I - FDCPA - CLASS CLAIM

37.     Plaintiff incorporates ¶¶ 1-36. This claim is against Ameristar Servicing.

*Answer:*     Ameristar Servicing incorporates its answers to paragraphs 1-36 above as

if fully restated herein as its answer to paragraph 37.


38.     By altering the dates on accounts when reporting them to credit bureaus, Ameristar Servicing violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10).

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 38.

39.     Section 1692e provides:

§ 1692e.     False or misleading representations [Section 807 of P.L.)

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. .

(2)     The false representation of--

(A)     the character, amount, or legal status of any debt; ...

8

(8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed....

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

**Answer:**    Paragraph 39 alleges legal conclusions to which no response is required, and Ameristar Servicing, therefore, denies the same.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) whose debts were "re-aged" by Ameristar Servicing without being brought current, (c) and reported to a credit bureau, (d) which report was made on or after a date one year prior to the filing of this action.

**Answer:**    Ameristar Servicing denies all of the allegations made in paragraph 40, except that Ameristar Servicing admits that plaintiff purports to bring this claim as a class action.

41.    The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**Answer:**    Ameristar Servicing denies all of the allegations made in paragraph 41.

42.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a.    Whether Ameristar Servicing "re-ages" debts; and

b.    Whether such practice violates the FDCPA.

**Answer:**    Ameristar Servicing denies all of the allegations made in paragraph 42.

43.    Plaintiffs claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer:**    Ameristar Servicing denies all of the allegations made in paragraph 43.

9

44.     Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

*Answer:*      Ameristar denies all of the allegations made in paragraph 44.

45.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress expressly contemplated class actions to enforce the FDCPA.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 45.

## COUNT II - FDCPA - CLASS CLAIM

46.     Plaintiff incorporates ¶¶ 1 -36. This claim is against Ameristar Servicing and Ameristar.

*Answer:*      Ameristar Servicing incorporates its answers to paragraphs 1-36 as if fully

restated herein as its answer to paragraph 46.

47.     By sending letters referring to legal action and judgments on time-barred debts, Ameristar Servicing and Ameristar violated 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10). Section 1692e provides:

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 47.

48.     § 1692e.      False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. .

(2)     The false representation of-

(A)     the character, amount, or legal status of any debt; ...

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a  consumer....

*Answer:*      Paragraph 48 alleges legal conclusions to which no response is required,

and Ameristar Servicing therefore denies the same.

## CLASS ALLEGATIONS

49.     Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) to whom Ameristar or Ameristar Servicing sent a letter referring to legal action or judgments, (c) at a time when the debt was older than the statute of limitations in the state where the contract was entered into, (d) where defendants cannot produce evidence of a promise to pay or payment within the statute, (e) where the letter was sent on or after a date one year prior to the filing of this action.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 49,

except that Ameristar Servicing admits that plaintiff purports to bring this claim as a class action.


50.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 50.


51.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

         a.      Whether defendants engage in a practice of sending letters referring to

legal action or judgments on time-barred debts; and

         b.      Whether such practice violates the FDCPA.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 51.


52.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 52.


53.     Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

*Answer:*     Ameristar Servicing denies all of the allegations made in paragraph 53.

54.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress expressly contemplated class actions to enforce the FDCPA.

*Answer:*    Ameristar Servicing denies all of the allegations made in paragraph 54.

## COUNT III - FLORIDA CONSUMER COLLECTION
## PRACTICES ACT - CLASS CLAIM

55.    Plaintiff incorporates ¶¶ 1-36. This claim is against Ameristar Servicing and Ameristar.

*Answer:*    Ameristar Servicing incorporates its answers to paragraphs 1-36 as if fully

restated herein as its answer to paragraph 55.

56.    By sending letters referring to legal action and judgments on time-barred debts, Ameristar Servicing and Ameristar violated the Florida Consumer Collection Practices Act, Fla.Stats. § 559.72 ("FCCPA").

*Answer:*    Ameristar Servicing denies all of the allegations made in paragraph 56.

57.    On information and belief, defendants knew that the debts they were attempting to collect were time-barred.

*Answer:*    Ameristar Servicing denies all of the allegations made in paragraph 57.

58.    Section 559.72 makes it unlawful to "(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

*Answer:*    Paragraph 58 alleges legal conclusions to which no answer is required, and

Ameristar Servicing, therefore, denies the same.

## CLASS ALLEGATIONS

59.    Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Florida addresses (b) to whom Ameristar or Ameristar Servicing sent a letter referring to legal action or judgments; (c) at a time when the debt was more than 5 years old (d) where

defendants cannot produce evidence of a promise to pay or payment within the statute, (e) where the letter was sent on or after a date 2 years prior to the tiling of this action.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 59,

except that Ameristar Servicing admits that plaintiff purports to bring this claim as a class action.

60.    The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 60.

61.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

      a.    Whether defendants engage in a practice of sending letters referring to

legal action or judgments on time-barred debts; and

      b.    Whether such practice violates the FCCPA.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 61.

62.    Plaintiffs claim is typical of the claims of the class members. All are based on the same factual and legal theories.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 62.

63.    Plaintiff will fairly and adequately represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 63.

64.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The Florida legislature expressly contemplated class actions to enforce the FCCPA.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 64.

## COUNT IV – FDCPA – INDIVIDUAL CLAIM

65.    Plaintiff incorporates ¶¶ 1 -36. This claim is against Ameristar Servicing.

*Answer:*    Ameristar Servicing incorporates its answers to paragraphs 1-36 as if fully restated herein as its answer to paragraph 65.

66.    By providing false information to a credit bureau, Ameristar Servicing violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10).

*Answer:*    Ameristar Servicing denies all of the allegations made in paragraph 66.

67.    Section 1692e provides:

§ 1692e.    False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. .

(2)    The false representation of-

(A)    the character, amount, or legal status of any debt; ...

(8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed....

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

*Answer:*    Paragraph 67 alleges legal conclusions to which no response is required, and Ameristar Servicing, therefore, denies the same.

68.    As a result, plaintiff was deprived of credit.

*Answer:*    Ameristar Servicing denies all of the allegations made in paragraph 68.

## COUNT V - FAIR CREDIT REPORTING ACT AGAINST EQUIFAX

69.    Plaintiff incorporates ¶¶ 1-36.

*Answer:*       Ameristar Servicing incorporates its answers to paragraph 1-36 as if fully

restated herein as its answer to paragraph 69.

70.     Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 e, Equifax is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

*Answer:*       Paragraph 70 alleges legal conclusions to which no response is required,

and Ameristar Servicing, therefore, denies the same.

71.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Equifax is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on her credit report. Section 1681i provides:

§1681i. Procedure in case of disputed accuracy

(a) Reinvestigations of disputed information.

(1) Reinvestigation required.

(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(C) Limitations on extension of period to reinvestigate. Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a

15

dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

 (B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A)....

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

 (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation....

*Answer:* Paragraph 71 alleges legal conclusions to which no response is required, and Ameristar Servicing, therefore, denies the same.


72. Equifax willfully or negligently (a) failed to use reasonable means to insure the accuracy of plaintiffs credit report, (b) failed to investigate plaintiffs dispute and (c) failed to correct plaintiff's credit report.

*Answer:* Ameristar Servicing is without sufficient information to admit or deny the allegations in paragraph 72, and, therefore, denies the same.


73. Equifax violated 15 U. S. C. § 1681 n and/or § 1681 o.

*Answer:* Ameristar Servicing is without sufficient information to admit or deny the allegations in paragraph 73, and, therefore, denies the same.

74.   Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

**Answer:**   Paragraph 74 alleges legal conclusions to which no response is required, and Ameristar Servicing, therefore, denies the same.

75.   Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of-

    (1) any actual damages sustained by the consumer as a result of the failure;

    (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**Answer:**   Paragraph 75 alleges legal conclusions to which no response is required, and Ameristar Servicing, therefore, denies the same.

76.   Section 1681p provides:

§1681p. Jurisdiction of courts; limitation of actions

17

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

*Answer:*        Paragraph 76 alleges legal conclusions to which no response is required,

and Ameristar Servicing, therefore, denies the same.

77.        Plaintiff was damaged as a result, in that she has (a) suffered great annoyance and inconvenience, (b) been deprived of credit, (c) been compelled to spend time and money removing improper information from her credit history.

*Answer:*        Ameristar Servicing is without sufficient information to admit or deny the

allegations in paragraph 77, and, therefore, denies the same.

### COUNT VI - FCRA CLAIM AGAINST AMERISTAR FINANCIAL

78.        Plaintiff incorporates ¶¶1-36. This claim is against Ameristar Financial.

*Answer:*        Ameristar Servicing incorporates its answers to paragraphs 1-36 as if fully

restated herein as its answer to paragraph 78.

79.        Ameristar Financial violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-

2(b), by providing false information to Equifax and possibly other credit bureaus when they

contacted Ameristar Financial in response to plaintiffs complaints. Section 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

18

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 79.

80.      Ameristar Financial committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §16810.

*Answer:*      Ameristar Servicing denies all of the allegations made in paragraph 80.

81.      Section 1681n provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

*Answer:*        Paragraph 81 alleges legal conclusions to which no response is required,

and Ameristar Servicing, therefore, denies the same.

82.      Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

*Answer:*        Paragraph 82 alleges legal conclusions to which no response is required,

and Ameristar Servicing, therefore, denies the same.

83.      Section 1681p provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

*Answer:*        Paragraph 83 alleges legal conclusions to which no response is required,

and Ameristar Servicing, therefore, denies the same.

84.      Plaintiff was damaged as a result of defendant's violations, in that plaintiff has (a) suffered great annoyance and inconvenience, (b) been deprived of credit, (c) been compelled to spend time and money removing improper information from plaintiff's credit history.

*Answer:*       Ameristar Servicing denies all of the allegations made in paragraph 84.

## COUNT VII - DEFAMATION CLAIM AGAINST AMERISTAR FINANCIAL

85.     Plaintiff incorporates ¶¶1-36.

*Answer:*       Ameristar Servicing incorporates its answers to paragraphs 1-36 as if fully restated as its answer to paragraph 85.

86.     Ameristar Financial intentionally and maliciously published false information concerning plaintiff to credit bureaus. On information and belief, the publications occurred on a monthly basis, by electronic transmission.

*Answer:*       Ameristar Servicing denies all of the allegations made in paragraph 86.

87.     Plaintiff was damaged as a result of defendant's defamation.

*Answer:*       Ameristar Servicing denies all of the allegations made in paragraph 87.

## COUNT VIII - ILLINOIS CONSUMER FRAUD ACT
## CLAIM AGAINST AMERISTAR FINANCIAL

88.     Plaintiff incorporates ¶¶ 1-36.

*Answer:*       Ameristar Servicing incorporates its answers to paragraphs 1-36 as if fully restated as its answer to paragraph 88.

89.     Ameristar Financial engaged in unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS *505/2*, by knowingly reporting false credit information to credit bureaus.

*Answer:*       Ameristar Servicing denies all of the allegations made in paragraph 89.

90.     Defendant engaged in the conduct complained of in the course of trade and commerce.

*Answer:*       Ameristar Servicing denies all of the allegations made in paragraph 90.

91.    Defendant engaged in the conduct complained of for the purpose of injuring plaintiff.

*Answer:*        Ameristar Servicing denies all of the allegations made in paragraph 91.

92.    Plaintiff was damaged as a result.

*Answer:*        Ameristar Servicing is without sufficient information to admit or deny the allegations in paragraph 92 and, therefore, denies the same.

WHEREFORE, Ameristar Servicing requests that this Court enter a judgment denying all relief prayed for by Plaintiff in her Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred because any purported violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures adapted to avoid such an error.   When accounts are purchased from a third party, those accounts are assessed. Collectors examine each account, looking at the date of last activity and the statute of limitations for the relevant state.   If the statute of limitations on an account has run, it is coded as "legally uncollectable" and no collection efforts are made on that account.

### SECOND DEFENSE

Pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692k(a)(2)(B), damages for any alleged violation of that Act are limited to the lesser of $500,000.00 or 1% of the net worth of Ameristar Servicing.

22

## THIRD DEFENSE

Plaintiff's Count VII for Defamation and Count VIII for purported violation of the

Illinois Consumer Fraud Act are preempted by the Fair Credit Reporting Act.

Dated: July 9, 2003                          Respectfully Submitted,


By:   _____
      Mark S. Bernstein
      Annaliese F. Fleming
      BARACK FERRAZZANO KIRSCHBAUM
        PERLMAN & NAGELBERG LLC
      333 West Wacker Drive
      Suite 2700
      Chicago, Il 60606
      Telephone:     (312) 984-3100
      Facsimile:     (312) 984-3220
      Attorney No.: 34610

      Attorneys for Defendants **AMERISTAR
      FINANCIAL COMPANY, LLC and
      AMERISTAR FINANCIAL SERVICING
      COMPANY, LLC**